## CLEVELAND, CINC. C. & ST. L. RY. CO. v. GEER.

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1158.   Decided Jan. 26, 1928.

### First Publication of this Opinion.

Syllabus by Editorial Staff.

**396. DIRECTED VERDICTS—941. Practice and Procedure—791. Motions and Orders.**

Rule, that when plaintiff and defendant move, at same time, for directed verdict such motions require court to determine questions of fact and thereby waive jury, held not to apply when plaintiff's motion for directed verdict is not filed until after defendant's motion for same has been overruled.

Error to Common Pleas.

Judgment reversed.

McBride & Wolfe, Mansfield, for Railway Co.

W. J. Geer, Galion, for Geer.

FULL TEXT.

Before Judges Crow, Hughes and Justice. HUGHES, J.

This is an action brought to recover damages for the wrongful death of the deceased of whose estate plaintiff was administrator.

At the trial, plaintiff offered in evidence a certain written lease after all the other evidence was in, and objection thereto was made by the defendant. The jury was retired to their room, whereupon counsel for defendant, apparently addressing counsel for plaintiff, inquired, "We understand you rest with the introduction of this paper?" Whereupon plaintiff's counsel replied, "I think so." And thereupon the defendant, at the close of plaintiff's testimony, moved the court to direct a verdict in its favor, which motion was argued by counsel.

The court thereupon overruled the objection to the introduction of the written contract, and admitted it in evidence, and thereupon overruled the motion of the defendant for a directed verdict.

The jury was thereupon returned to the jury box, when it was announced by counsel for plaintiff that "We rest," followed by the same announcement from the defendant.

Thereupon counsel for plaintiff asked the court to instruct the jury to return a verdict

for the plaintiff, whereupon the court immediately sustained said motion, to which ruling exceptions were saved by the defendant.

The court thereupon charged the jury to return a verdict in favor of the plaintiff, but instructed the jury, and permitted it, to ascertain the amount of damages to be given to plaintiff.

The evidence of plaintiff under what circumstances the clam shell shovel was operated, and the same relative to the movements of the trains of the defendant over its tracks passing the shovel.

Whether under all the circumstances the defendant used the degree of care required of it in the transportation of passengers for hire, was a question of fact for the jury to determine, the evidence depicting such a situation from which reasonable minds might arrive at different conclusions.

Inasmuch, therefore, as there was this evidence before the jury tending to support the claim of the plaintiff, the overruling of the defendant's motion for a directed verdict, was not error.

The motion of the defendant for a directed verdict having been overruled by the court before plaintiff's motion for a directed verdict had been made, presents a different case than was before the court in the case of Bank v. Hayes & Son, 64 OS. 100, as well as the case reported in the 112 OS. at 321.

The theory upon which it has been held by our Supreme Court and courts of other states, that the parties waive the right to have an issue of fact submitted to a jury, when they move for a directed verdict, is based upon the theory that the parties by both submitting at the same time, such a motion, call upon the court to determine the questions of fact to be found from the evidence, and thereby waive a jury.

In the case at bar, there is no such situation. The defendant's motion had been ruled upon and was not further before the court for consideration The next step was taken, that is, the defendant determined that it would not adduce evidence at the trial, but rely upon the failure of the plaintiff to prove his case.

The defendant had, under these circumstances, a right to submit to the jury all questions of fact. It was for them to determine the ultimate fact from the evidence before it, and it was therefore error for the trial court to sustain a motion in behalf of plaintiff for a directed verdict. The judgment is therefore reversed.